**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VAKIL SINGH** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **J. L. JAMISON, as Warden of Philadelphia** | : | |
| **Federal Detention Center, JOHN E. RIFE, as** | : | |
| **Acting Field Office Director, Immigration and** | : | |
| **Customs Enforcement, TODD BLANCHE, as** | : | |
| **Acting U.S. Attorney General, MARKWAYNE** | : | |
| **MULLIN, Secretary of the Department of** | : | |
| **Homeland Security, U.S. DEPARTMENT OF** | : | |
| **HOMELAND SECURITY, EXECUTIVE OFFICE** | : | |
| **FOR IMMIGRATION REVIEW** | : | **NO. 26-5451** |

## ORDER

**NOW**, this 4th day of August, 2026, upon consideration of petitioner Singh's

Verified Petition for Writ of Habeas Corpus (Doc. No. 1) and the government's opposition,

**IT IS ORDERED** that the petition is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** as follows:

1.    Singh is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2.    The government shall release Singh from custody immediately and certify

compliance with this order by filing proof of his release on the docket no later than **12:00**

**A.M. E.T.**, on **August 5, 2026**.

3.    The government shall return all personal belongings confiscated from Singh

upon his detention, including identification documents.

4.    The government is temporarily enjoined from re-detaining Singh for seven

days following his release from custody.

5.      If the government pursues re-detention of Singh, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

6.      The government shall not remove, transfer, or otherwise facilitate the removal of Singh from the Eastern District of Pennsylvania prior to the ordered bond hearing.

7.      If the immigration judge determines Singh is subject to detention under 8 U.S.C. § 1226(a), the government may request permission to move Singh if unforeseen or emergency circumstances arise that require his removal from the Eastern District of Pennsylvania.  That request must set forth the grounds for the request and a proposed destination.[1]

TIMOTHY J. SAVAGE, J.

---

[1] Singh, a citizen of India, entered the United States at the U.S.-Mexico border in July 2024. *See* Verified Pet. for Writ of Habeas Corpus ["Pet."] ¶ 18, ECF No. 1.  Upon entry, the Department of Homeland Security ("DHS") detained and processed him and released him on parole.  *Id.* ¶ 19.  He has since resided in Morrisville, Pennsylvania where he works as a junior manager for a 7/11 convenience store.  *Id.* ¶ 20. He filed a timely application for asylum that remains pending, and has complied with all conditions of his parole. *Id.* ¶ 21.  The government has indicated he has no known criminal history. *See* Respondents' Resp. to Pet. for Writ of Habeas Corpus ["Resp."] 2, ECF No. 4.

On or about July 31, 2026, while attending a scheduled check-in with Immigration and Customs Enforcement ("ICE"), Singh was taken into custody with no prior notice or opportunity to contest his detention.  Pet. ¶ 22.  DHS has since detained him at the Philadelphia Federal Detention Center.  *Id.* ¶ 23. The government has denied him the opportunity for a hearing conducted by a neutral decisionmaker to determine whether his detention is warranted based on danger or flight risk. *See* Resp. 1–2. It contends detaining him without a bond hearing is lawful under 8 U.S.C. § 1225(b)(2). *See id.*

Section 1225(b)(2) does not apply to individuals like Singh, who are not actively trying to enter the country, but have been living here for an extended period. *See Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *1, *4–5 (E.D. Pa. Nov. 18, 2025). The provision that applies to Singh is 8 U.S.C. § 1226(a).  That provision mandates a hearing. *See* 8 C.F.R. §§ 1236.1(c)(8), (d). We have held in nearly identical cases where the parties made the same arguments that detention without a bond hearing violates 8 U.S.C. § 1226(a) and the Due Process clause of the Fifth Amendment. *See, e.g., Diallo v. O'Neill et al.*, Civ. A. No. 25-6358, 2025 WL 3298003, at *4–6 (E.D. Pa. Nov. 26, 2025). The same reasoning applies here.